WESTERN DIST.
*October*, 1831.

PENNIMAN
ET ALS.
*vs.*
RICHARDSON
ET ALS.

</div>

=======

## PENNIMAN ET ALS. *vs.* RICHARDSON ET ALS.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

In suing for damages on an injunction bond, it is sufficient to allege damages by the wrongful suing out the injunction, with the bond annexed; and to show that the injunction was either dissolved or abandoned in order to recover the amount of damages the party may prove he has sustained.

The gist of the action is the wrongful suing out the injunction; and not the court from whence the writ enjoined came, which is merely incidental to it. For no matter from what court, the injury was the same.

When there is no reasonable ground for an appeal, it will be considered as frivolous, and the judgment below affirmed with ten per centum damages and costs.

On the third of November, 1829, the plaintiff instituted suit on an injunction bond obtained against an execution he had levied on certain slaves and other property of the defendant, Richardson, and which had been abandoned. The bond

WESTERN DIST. was dated June 18th, 1828, and signed by R. D. Richardson,
October, 1831. principal, and John T. Faulk and A. H. McCormick as
PENNIMAN sureties.
ET ALS.
vs.       The plaintiff alleges the injunction was wrongfully sued
RICHARDSON out, and prays for damages to the amount of the bond, (one
ET ALS.   thousand eight hundred dollars) with interest.

The defendant excepted to the petition on the ground that
Barrymore did not show any interest in the cause, the bond
being payable to Atherton T. Penniman alone. The excep-
tion was overruled.

He plead a general denial; and set up a large account in
reconvention and damages.

The defendant, Faulk, after pleading the general issue,
relied on the plea of reconvention of his co-defendant.

The District Judge after examining the accounts, gave
final judgment for the plaintiff for one thousand four hundred
and seventy-five dollars, with legal interest from the time of
the interpellation until paid.

The defendant alleges there is a variance between the
petition and proof. The petition omitted to state from what
particular court in New-Orleans the execution, which was
enjoined, issued. The evidence shows it was from the first
district court. The injunction bond sued on was annexed to
the petition.

*Winn*, for plaintiff.

1. We show fully in this case that the plaintiff in the origi-
nal execution was arrested by the injunction in pursuing a
just demand against Richardson, who had property sufficient
to satisfy it.

2. That pending the injunction, Richardson became insol-
vent, and all further proceedings against him were vain; and
consequently the plaintiff has a right to damages against his
surety, to the amount of his claim for the wrongful sueing
out of the injunction.

*Flint*, for the defendants, urged the reversal of the judg-
ment of the District Court:

WESTERN DIST.
October, 1831.

PENNIMAN
ET ALS.
vs.
RICHARDSON
ET ALS.

1. Because of a discrepancy between the injunction produced in evidence, and the one alleged in the petition. The petition states the injunction issued against an execution, which issued from the            Court in New-Orleans, and was levied on certain slaves of Richardson. The injunction offered in evidence under this allegation, states that an execution had issued from the District Court of the first district, and was enjoined before any seizure.

2. The injunction had been dissolved by a non-suit of Richardson, which left open to Faulk, his surety, the question whether the injunction had issued wrongfully or not? And this question being open, there is evidence in the record to show the injunction should have been sustained.

3. The actual loss shown by the injunction itself was the extent of the liability of the surety, and not the whole amount of the debt enjoined, because it appeared from the evidence that Richardson had property to pay the debt long after this dissolution of the injunction, had execution issued.

*Porter, J.* delivered the opinion of the court.

This is an action brought against the principal and surety in an injunction bond. The plaintiff in the suit in injunction voluntarily abandoned it; and by so doing became, with his surety, responsible for all damages which the plaintiff in execution, sustained by the delay occasioned in the collection of his debt. We have examined the evidence, which is voluminous, and as we are of opinion, the judge below did not err in his conclusions, when he gave judgment against the defendants.

A question has been made in this court, as to the discrepancy between the *allegata* in the petition, and the proof adduced in support of them. This objection should have been made on the trial below, when the evidence was offered. But, even then it is doubtful, if it could have been successful. The petitioner charges that he has sustained damages by the defendants' taking out an injunction against an execution from a court, and annexes their bond to the petition. The gist of the action was the taking out the injunction which is cor-

*In suing for damages on an injunction bond, it is sufficient to allege damages by the wrongful suing out the injunction, with the bond annexed; and to show that the injunction was either dissolved or abandoned in order to recover the amount of damages the party may prove he has sustained.*

*The gist of the action is the wrongful suing out the injunction; and not the court from whence the writ enjoined came, which is merely incidental to it. For no matter from what court, the injury was the same.*

*When there is no reasonable ground for an appeal, it will be considered as frivolous, & the judgment below affirmed with ten per centum damages and costs.*

rectly stated. The writ enjoined was merely inducement, for no matter out of what court it came, the injury was the same.

We do not see any reasonable ground for this appeal ; and we are unable to resist the prayer of the petitioner, that the judgment below should be affirmed with ten per centum damages.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs, and ten per centum damages in the amount of said judgment, for a frivolous appeal.