## Sandoz *v.* Ozenne et al.

The *dictum* in *Williams* v. *Close*, 12 An. 877, that the confirmation of a Spanish grant inures to the benefit of the original owner, was said *arguendo ;* the decisions in *Purvis* v. *Harmanson*, 4 An. 422 ; *Thomas* v. *Phillips*, 7 An 546 ; and *Farmer's Heirs* v. *Fletcher*, 11 An. 142, affirmed.

The title to public lands being in the government of the United States at the time certificates of confirmation are issued, the land department at that time is vested with the exclusive jurisdiction to settle and fix the boundaries between the claimants.

When the department has acted and fixed the boundaries, in the absence of fraud on the part of the party claiming under such action, or any particular equity in favor of any other party, effect must be given to the action of the department.

Before patents are issued for public lands, the judgment in a suit between parties involvingt he validity of their respective confirmations, can only maintain the party in whose favor the judgment is rendered, in provisional possession of the land in dispute.

A PPEAL from the District Court of the Parish of St. Martin, *Voorhies*, J. *Simon & Gary*, for plaintiff. *DeBlanc & Fuselier*, for defendants and appellants.

MERRICK, C. J. This suit, although commenced as an action of trespass, is treated by both the plaintiff and the defendants as an action of *bornage*.

*François Jacques Ozenne* was originally in possession of the land in controversy. On the 10th day of November, 1807, he sold to *Maria Vincent L'Abbé*, a tract of land described as " une terre de sept arpens et demi de face, à prendre face sur la grande crevasse de la terre qu'occupe présentment *Mr. Ozenne* sur le Bayou Tortue, avec toute la profondeur qui trouvera au de la dite terre situé sur l'île appellée l'Isle du Large, bien entendu que le bois de la dite isle sera partagé en égale portion entre le vendeur et l'acquéur pour prix et somme de sept cent cinquante piastres." At this time, *François Jacques Ozenne* had not acquired title from the government to the lands in his possession.

In 1813, a certificate of confirmation issued to *Maria Vincent Ozenne*, for seven and a half arpents front, by about three in depth, in virtue of the sale from *François Jacques Ozenne* to *M. V. Ozenne*, being certificate No. 2160. At the same time certificate of confirmation No. 2161, issued for three hundred superficial arpents immediately in the rear of the preceding, and having the same width with the depth of forty arpents.

The first of these tracts appears to have been ordered to be surveyed from the front tract bordering on the Bayou Tortue, and diminishing the depth of that tract.

The same day that these two certificates were issued, the Commissioners issued a certificate of confirmation in favor of *François Jacques Ozenne*, for fifteen arpents front on the bayou by a depth of forty arpents.

The lands were surveyed in pursuance of the certificates of confirmation, and the surveys appear to have been approved by the Surveyor General.

Instead of following the channel of the so called " crevasse," the survey commences at a point where the " crevasse" touches the northern side line of the tracts of land held by plaintiff and defendants, diverging from the course of the " crevasse" at a considerable angle. The survey of the other of defendant's tracts cuts the " crevasse" near the middle of the tract, crossing it about the same angle.

The plaintiff contends that the true boundary is the center of the channel of the " crevasse ;" the defendants, that it is given by the survey made by the government of the United States.

The plaintiff maintains that the true construction of the deed from *François Jacques Ozenne* is to give the defendants a front upon the " crevasse," and the Commissioners erred in confirming the tract to *Maria Vincent Ozenne*, in the form in which it was done, and that the confirmation must, therefore, inure to the benefit of the original owner. To support this position, counsel refer to the case of *Sackett* v. *Hooper*, 3 La. 107 ; and a dictum in *Williams* v. *Close*, 12 An. 877.

The court did not place the latter case upon the ground contended for in this case, and we say as our predecessors said in the case of *Purvis* v. *Harmanson*, that " what we said *arguendo* cannot be considered as precedent."

The cases of *Purvis* v. *Harmanson*, 4 An. 422 ; *Thomas* v. *Phillips*, 7 An. 546 ; and *Otho Farmer's Heirs* v. *John Fletcher*, 11 An. 142, in harmony with the decisions of the Supreme Court of the United States, and are still adhered to by this court.

The title was in the government of the United States when the certificates of confirmation issued, and the land department was vested with exclusive jurisdiction to settle and fix the boundaries between the different claimants. The proper officers have acted in this instance. In the absence of all fraud on the part of the defendants, or any particular equity in favor of the plaintiff, effect must be given to their proceedings. Thus it is evident that the titles produced are favorable to defendants pretensions, and that it is unnecessary to put a construction upon the deed of 1807. But as patents have not yet issued, we shall maintain defendants only provisionally in possession of the tract of land in dispute.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed ; and that the plaintiff's demand, as now presented, be rejected ; and that the defendants recover possession of the land in controversy, and that the boundary line between the plaintiff and defen-

78

SANDOZ
*v.*
OZENNE.

dant be fixed at a straight line drawn between the points B and F, as shown by the survey and plat of *Abner S. Miner*, on file, and in confirmity to the approved surveys of certificates Nos. 2160 and 2161, under which defendants claim, subject, however, to any future action of the proper officers of the United States Land Office. And it is further ordered, that the plaintiff pay the costs of both courts.